DAJ

FILED
NOVEMBER 5, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

07 C 6251

| | | |
|---|---|---|
| **WILLIE JONES,** | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| vs. | ) | Judge |
| | ) | Magistrate Judge |
| **CITY OF CHICAGO;** | ) | |
| Chicago Police Officers | ) | JUDGE FILIP |
| **CHRIS BROWN, Star 4093;** | ) | MAGISTRATE JUDGE ASHMAN |
| **JAMES CASCONE, Star 1488;** | ) | |
| **KEIONE FEAZELL, Star 9848;** and | ) | |
| Unknown Chicago Police Officers | ) | |
| John Does and Jane Roes 1-10; | ) | Jury Demand |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiff is a United States citizen, and a resident of Chicago, Illinois.

5. Defendant police officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6. The Defendant-Officers are sued in their individual capacities.

7. The CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

## Facts

8. On or about the evening of March 14, 2007, Plaintiff WILLIE JONES was walking from 72nd and Marshfield Avenue to 72nd and Paulina Street in the City of Chicago.

9. As Plaintiff approached Paulina Street, he heard gun shots.

10. Plaintiff ran when he heard the gun shots.

11. As Plaintiff was running, he saw people chasing him.

12. Plaintiff approached an alley and saw that the people chasing him were the Defendant-Officers.

13. Plaintiff asked the Defendant-Officers why their were chasing him.

14. Plaintiff stopped running and the Defendant-Officers caught him.

15. Defendant BROWN tackled Plaintiff.

16. Plaintiff was seized.

17. Plaintiff had not violated any city, state or federal law. Defendant-Officers did not have any reason to believe that Plaintiff had violated, or was about to violate, any city, state or federal law. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop, detain, or search Plaintiff.

18. Defendant-Officers then punched, kicked, and beat Plaintiff.

19. One of the Defendant-Officers hit Plaintiff with a flashlight.

20. Plaintiff was placed in handcuffs.

21. Plaintiff explained to the Defendant-Officers that he was running because he was frightened by the gun shots.

22. A Defendant-Officer choked Plaintiff and beat Plaintiff again.

23. After the beating Defendant-Officers shackled Plaintiff by the ankles.

24. The Defendant-Officers then dragged Plaintiff by the shackles to a police vehicle.

25. Plaintiff was transported to the 7th District Chicago police station.

26. On the way to the 7th District, Plaintiff asked for medical attention. Plaintiff's request was ignored.

27. At the 7th District, a sergeant observed Plaintiff's injuries and had Plaintiff taken to the hospital.

28. Plaintiff was transported to St. Bernard Hospital.

29. After Plaintiff was treated at St. Bernard, Plaintiff was returned to the 7th District

Chicago police station and charged with aggravated assault to a police officer, resisting a peace officer, and damage to public property in Cook County Circuit Court case number 071210831. The case was dismissed on April 18, 2007.

30. Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

31. As a direct and proximate result of the acts of the Defendants described above, Plaintiff has suffered and continues to suffer damages including loss of physical liberty, emotional distress, physical pain and suffering, mental anguish and humiliation, and special damages including medical expenses.

## COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure)

32. Plaintiff realleges paragraphs 1 through 31 as if fully set forth herein.

33. Defendant-Officers were not aware of specific and articulable facts which suggested that Plaintiff was about to commit a crime or had committed a crime.

34. Defendant-Officers did not have a lawful basis to stop or seize Plaintiff.

35. The actions of Defendant-Officers in seizing Plaintiff without any legal justification or probable cause, violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers;
b) Award compensatory and punitive damages, as determined at trial;
c) Award attorneys' fees and costs;
d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – Excessive Force)

36. Plaintiff realleges paragraphs 1 through 31 as if fully set forth herein.

37. The actions of Defendant-Officers violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable

force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers;

b) Award compensatory and punitive damages, as determined at trial;

c) Award attorneys' fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT III
### (42 U.S.C. § 1983 – Failure to Intervene)

38. Plaintiff realleges paragraphs 1 through 31 as if fully set forth herein.

39. While Plaintiff was subjected to excessive force as described above, Defendant-Officers had an opportunity to intervene, but chose not to intervene.

40. Defendant-Officers were deliberately indifferent to Plaintiff's right to be free from excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers;

b) Award compensatory and punitive damages, as determined at trial;

c) Award attorneys' fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT IV
### (State Law Claim for Malicious Prosecution)

41. Plaintiff realleges paragraphs 1 through 31 as if fully set forth herein.

42. Defendant-Officers instituted charges against Plaintiff for aggravated assault to a police officer, resisting a peace officer, and damage to public property.

43. There was not probable cause for such charges.

44. The charges were dismissed and terminated in a manner indicative of Plaintiff's innocence.

WHEREFORE, Plaintiff asks that this Honorable Court:

     a)     Enter judgment against Defendant-Officers;

     b)     Award compensatory and punitive damages, as determined at trial;

     c)     Award costs;

     d)     Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT V
### (State Law *Respondeat Superior* Claim)

45.     The acts of the individual Defendant-Officers described in the supplementary state law claims specified above were willful and wanton, and committed in the scope of employment.

46.     Pursuant to *respondeat superior*, Defendant CITY OF CHICAGO, as principal, is liable for its agents' actions.

WHEREFORE, Plaintiff demands judgment against the CITY OF CHICAGO, and such other and additional relief that this Honorable Court deems just and equitable.

## COUNT VI
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

47.     Plaintiff realleges all of the above paragraphs and counts as if fully set forth herein.

48.     The acts of the individual Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

49.     Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant-Officers.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

**Plaintiff demands trial by jury on all counts.**

                                        Respectfully submitted,

                                        /s/ Lawrence V. Jackowiak
                                        *Counsel for the Plaintiff*

Lawrence V. Jackowiak
Louis J. Meyer
Daniel P. Kiss
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595